Matthias, J.
 

 The authority relied upon for the
 
 *584
 
 diversion of funds complained of is Section 130 of the Municipal Code of the city of Cleveland, which confers upon the Commissioner of Water the charge and management of all plants of the city for furnishing water to its inhabitants, and for the use of others to whom it may be sold, and then provides:
 

 “The operation of sewage disposal plants shall be treated and construed as being part of the operation of water purification.”
 

 Whatever may have been the ulterior motive prompting the enactment of that provision, its ultimate result is to take monies from the funds created by rentals for water paid by water users and to expend them for purposes other than those to which they are expressly limited by statute, as well as by the express terms of the charter of the city — precluding the transfer of “revenues or earnings of any non-tax supported public utility to any other purpose.”
 

 The application of funds created by water rentals to the payment of general municipal obligations, or to expenses of constructing and maintaining sewage disposal plants, or any purpose other than constructing, maintaining and operating facilities for the supply of water, would result in levying a tax only upon water users to meet the expenses of government, in violation of the express terms of Section 3959, General Code, which reads as follows:
 

 “After paying the expenses of conducting and managing the water works, any surplus therefrom may be applied to the repairs, enlargement or extension of the works or of the reservoirs, the payment of the interest of any loan made for their construction or for the creation of a sinking fund for the liquidation of the debt. The amount authorized to be levied and assessed for water works purposes shall be applied by the council to the creation of the sinking fund for the payment of the indebtedness incurred for the construction and ex
 
 *585
 
 tension of water works and for no other purpose whatever.” '
 

 A situation quite similar was presented in the ease of
 
 City of Cincinnati
 
 v.
 
 Roettinger, a Taxpayer,
 
 105 Ohio St., 145, 137 N. E., 6, where this court held:
 

 “1. Section 3959, General Code, is constitutional and operates as a valid limitation upon the uses and purposes for which revenues derived from municipally owned waterworks may be applied. By .virtue of the provisions of that section, surplus revenues derived from water rents may be applied only to repairs, enlargement or extension of the works, or of the reservoirs, and to the payment of the interest of any loan made for their construction, or for the creation of a sinking fund for the liquidation of the debt.”
 

 The mere
 
 ipse dixit
 
 of the city council that the disposal of sewage and the purification and distribution of water to users are parts of a single process cannot be conclusive upon the question and thus effect a release from the clear inhibition of the statute.
 

 If this evasion be permitted, there is no, length to which council may not go to compel water users to pay the expense of carrying on other city functions which may be remotely connected with sewage disposal; council might even extend it to maintenance of other departments of government — all upon the theory that such departments are in some respect connected with the function of supplying pure water to the inhabitants of the city.
 

 Much evidence was adduced in an effort to support the action of the city council, but it must be concluded that though the operation of such disposal plant may possibly reduce the extent of contamination of the source of the city water supply, an attempt to combine the two functions or departments, and thus appropriate a part of the fund created by rentals imposed upon water users, is violative of the clear and express provisions of Section 3959, General Code.
 

 
 *586
 
 It follows that the judgment of the Court of Appeals is reversed and the cause remanded.
 

 Judgment reversed and cause remcmded.
 

 Weygandt, C. J., Stephenson, Jones, Bevis, Zimmerman and Wilkin, JJ., concur.