Hart, J.,
 

 dissenting. My dissent is on the ground that a gift of water to the institutions named in the ordinance must be at the expense of other water users without their consent. The city has no righ,t or power to divert surpluses arising from the operation of the municipal waterworks to the general purposes of the city or otherwise (Section 3959, General Code;
 
 City of Cincinnati
 
 v.
 
 Roettinger,
 
 105 Ohio St., 145, 137 N. E., 6;
 
 Hartwig Realty Co.
 
 v.
 
 City of Cleveland,
 
 128 Ohio St., 583, 192 N. E., 880;
 
 City of Lakewood
 
 v.
 
 Rees,
 
 132 Ohio St., 399, 8 N. E. [2d], 250), much less to private, though charitable or religious, organizations. The waterworks plant is the property of the city paid for and maintained by the water users of the city. It is not a situation of a proposed discrimination as to rates, but rather a donation of the property of the city to numerous institutions 'enumerated.
 

 The giving of free water to these institutions is at least equivalent to a contribution of cash to their respective budgets. This is beyond the power of any municipality to do.
 

 Wéygandt, C. J., and Matthias, J., concur in the foregoing dissenting opinion.