Bell, J.
We are advised by the allegations of the petition that the Court of Appeals ordered the respondent to pay claimant not less than the minimum amount fixed by Section 1465-80, General Code. That section reads in part as follows:
“In case of injury resulting in partial disability, the employee shall receive sixty-six and two-thirds per cent of the impairment of his earning capacity during the continuance thereof, not to exceed a maximum of twenty-one dollars per week, nor a greater sum in the aggregate than four thousand dollars.”
This court affirmed the judgment of the Court of Appeals and Judge Matthias, writing for the court, said:
“The extent of disability, whether temporary or permanent, as well as the extent of impairment of earning capacity, are matters committed to and are to be determined by the Industrial Commission. The commission has continuing jurisdiction in such cases and is authorized to make future findings and orders as conditions and circumstances require. It is incumbent upon the commission, however, to afford opportunity for the presentation of evidence and therefrom determine the extent of the impairment of the earning capacity of the claimant which existed at the time of the finding and order of the Court of Common Pleas and to make an award in accordance with the provisions of the workmen’s compensation law.” State, ex rel. Waller, v. Industrial Commission, 142 Ohio St., 193, 51 N. E. (2d), 643.
The record discloses that thereafter respondent advised relator that he would be granted a hearing, at which time he could present evidence in support of *479 the claim to compensation arising from the alleged impairment of earning capacity dne to bi-lateral herniae. At the time of the hearing relator stated that there was no further evidence to be presented other than that which was already in the claim file. Relator did not desire the matter continued for investigation or the taking of testimony and thereupon respondent made the order which is the basis of this suit.
The real gist of relator’s complaint is that respondent has failed to comply with the judgment of the Court of Appeals in the prior case.
In the case of State, ex rel. Brophy, v. City of Cleveland, 141 Ohio St., 518, 49 N. E. (2d), 175, paragraph two of the syllabus reads as follows:
“A writ of mandamus will not issue in a second action between the same parties or between parties representing such parties to require the performance of what the court in the first action has already ordered to be done.”
In that case Judge Hart, writing for the court, says at page 521:
“Furthermore, the relief sought in this case, as shown by the petition, is identical with that sought and and heretofore granted by the court in the case referred to in relator’s petition. (Hartwig Realty Co. v. City of Cleveland, supra [128 Ohio St., 583, 192 N. E., 880].) A writ of mandamus will not issue in a second action between the same parties or between parties representing such parties to require the performance of what the court in the first action has already ordered to be done. It would be a vain thing for this court to grant a peremptory writ to require the performance of what the court has already ordered, and since the granting of such a writ is a matter of discretion with the court and not a matter of right, it will not grant such relief a second time. (State, *480 ex rel. Mettler, Pros. Atty., v. Stratton et al.) Commrs., 139 Ohio. St., 86, 38 N. E. [2d], 393.”)
That case is dispositive of the question here presented.
We are therefore of opinion that the demurrer should be and hereby is sustained and the petition dismissed.

Demurrer sustained and petition dismissed.

Wevgandt, C. J., Matthias, Hart, Zimmerman and Williams, JJ., concur.
Turner, J., not participating.