Bell, J.
Tlie Court of Appeals in affirming the sustaining of the demurrer relied principally upon City of Niles v. Union Ice Corp., 133 Ohio St., 169, 12 N. E. (2d), 483, the second paragraph of the syllabus of which reads as follows:
“A patron, purchasing electric energy from a municipally owned electric light and power plant or system, occupies, with respect to the purchase price paid, the same position as if the purchase were made from a private corporation engaged in the same business. The patron loses all interest in and control over the purchase price after it is paid, and it becomes the exclusive property of the municipality, with the right to use, transfer or divert it to any uses and purposes authorized by law.”
And it would appear that the Niles case has foreclosed that question so far as cities are concerned. However, the statute (Section 735.29, Revised Code), relied upon by plaintiff herein as limiting the powers of defendants, specifically applies only to villages. If, therefore, the action of the defendants herein is to be approved, it must be on some basis other than the Niles case.
Section 735.29, Revised Code, provides, in part, that the Board of Trustees of Public Affairs of a village “shall have the same powers and perform the same duties as are provided in * * * 743.05 * * * of the Revised Code, and all powers and duties relating to waterworks * * * shall extend to and include electric light # * plants.”
Section 743.05, Revised Code, provides, in substance, that revenue derived from the operation of a waterworks by a municipal corporation may be used for waterworks purposes only.
Plaintiff contends that since the powers and duties of defendants in regard to electric light plants, as provided in Section 735.29, are the same as those provided by Section 743.05 for the operation of waterworks, the defendant village is limited in the use of electric light funds to electric light plant purposes.
It has been established by a line of cases beginning with City of Cincinnati v. Roettinger, a Taxpayer, 105 Ohio St., 145, *417 137 N. E., 6, that the application of funds created by water rentals to the payment of general municipal obligations or any purpose other than constructing, maintaining and operating facilities for the supply of water results in levying a tax only on water users to meet the expenses of government, in violation of the express terms of Section 3959, General Code (now Section 743.05, Revised Code). See Hartwig Realty Co. v. City of Cleveland, 128 Ohio St., 583, 192 N. E., 880; City of Lakewood v. Rees, 132 Ohio St., 399, 8 N. E. (2d), 250; Himebaugh v. City of Canton, 145 Ohio St., 237, 61 N. E. (2d), 483.
All those cases turned on the proposition that the use of water funds for general municipal purposes is an unwarranted exercise of taxing power. And it can not now be questioned that the authority granted to municipalities to exercise powers of local self-government does not operate to remove from the Legislature its power to place limitations on taxation.
We concede that the rationale of those cases would be applicable to prevent the village from using the light fund to pay salaries for policemen, to retire bonds on a new fire truck or to pave streets, or to make up any other deficiency in funds for the general expenses of the municipality, which could not be met within the limits of taxation otherwise provided for.
The power of a municipality to own or operate a public utility is granted by the people through the Home-Rule Amendment (Section 3 of Article XVIII of the Constitution of Ohio). And it has been held by this court that powers so granted are not subject to legislative limitation or restriction. Board of Education of City School Dist. of Columbus v. City of Columbus, 118 Ohio St., 295, 160 N. E., 902.
In the so-called “free water cases,” this court struck down a legislative attempt to require municipalities to furnish free water to certain charitable institutions. Village of Euclid v. Camp Wise Assn., 102 Ohio St., 207, 131 N. E., 349. See, also, the dissenting opinion of Marshall, C. J., in City of East Cleveland v. Board of Education of City School Dist. of East Cleveland, 112 Ohio St., 607, 148 N. E., 350, which opinion reflects the views of five members of the court as it was then constituted and includes the following pertinent comment:
“This delegation of power [Section 4, Article XVIII] to a *418 municipality directly from the hands of the people is plain, unambiguous, and unequivocal, and it is free from conditions; it is apparently self-executing, requiring no enabling legislation to complete the grant of power. Any legislation relative to this subject must necessarily be confined to regulatory measures. The majority of the court are therefore of the opinion that any attempt by the Legislature to impose conditions upon the grant must be ineffective.”
In the Cleveland “free water cases” (State, ex rel. Mt. Sinai Hospital of Cleveland, v. Hickey, Dir., 137 Ohio St., 474, 30 N. E. [2d], 802; 138 Ohio St., 389, 35 N. E. [2d], 444), this court upheld the power of a municipality to provide by ordinance for the furnishing of free water to certain charitable institutions. The court in the first of those cases cited several cases from other jurisdictions recognizing that a municipality operating a waterworks possesses the power to supply water gratis to public, religious, educational or charitable institutions.
If the power granted to municipalities may not be legislatively restricted to prevent them from furnishing free water to private charitable institutions, a fortiori it should not be restricted to prevent them from furnishing free water to other municipal departments or to the public of each municipality as a whole.
Therefore, since Section 743.05, Revised Code, can not operate to restrict a municipality in its furnishing of free water to other municipal departments, Section 735.29, Revised Code, which grants to and imposes on electric light systems the same powers and limitations as are granted to and imposed on municipally operated water systems, can not be construed to prevent a village from furnishing electricity free to the village water department and for electric street lighting, so long as the rates charged to other consumers for such electricity are reasonable in amount.
This conclusion appears the more reasonable in the light of Section 743.27, Revised Code, which provides as follows:
“The legislative authority of any municipal corporation owning and operating municipal water, gas, or electric light plants, may provide by ordinance that the products of such *419 plants, when used for municipal or public purposes, shall be furnished free of charge.” (Emphasis added.)
It can not be seriously doubted that furnishing electricity for a municipal water department or for public street lighting is “for municipal or public purposes.”
Although the petition herein prays that the court take an account of money “unlawfully diverted” by the defendants, there is no allegation in the petition that the necessary and proper action was not taken by the legislative authority of the village to provide the services herein complained of. It would appear to us not only proper but necessary that the plaintiff negative such legislative action and upon his failure so to do we will accord to the legislative authority of the village the presumption of the validity of its acts to which they are entitled.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Stewart, Taft, Matthias and Herbeet, JJ., concur.