City of Franklin, Appellant, *v.* Harrison, Appellee.*

(No. 245—Decided April 24, 1959.)

*Judgment affirmed, 171 Ohio St., 329.

424

Mr. H. O. Finkelman and Mr. Fred Ross, for appellant.
Mr. George H. Elliott and Mr. Clinton D. Body, Jr., for appellee.

O'CONNELL, J. The appellant is the city of Franklin, Ohio, whose council, on January 7, 1957, passed Ordinance No. 1956-29, entitled "An ordinance providing for an excise tax on water and sewer bills in the city of Franklin, Ohio, and to declare an emergency." Certain sections of the ordinance provide as follows:

"Section 2. That for the purpose of providing revenues for the general fund of the city of Franklin, Ohio, in addition to those raised from general property taxes permitted under the constitutional limitations and from other sources for the support of local governmental functions, there is hereby levied from the first date allowable by law a tax of 50 per cent computed on the rate charged for water and sewer by the city of Franklin, Ohio, and used by consumers.
"* * *

"Section 4. The Water Department of the city of Franklin, Ohio, furnishing or delivering the services on which this tax is levied shall in each and every bill or statement rendered therefor after the first date allowable by law set forth an item for said tax on said bill carrying out the amount thereof and including the same in the total of said bill or statement so rendered and collect said tax from the consumers or payer of said bill or statement at the time of the payment thereof.

"Section 5. The Water Department receiving any payment on bills or statements taxable under the provisions of this ordinance, shall on or before the last day of each calendar month make a return to the Director of Safety Service in form as the Director of Safety Service may prescribe, showing the aggregate amount of taxable payments for such bills or statements collected during the preceding calendar month, the amount of tax hereby imposed and collected on the same, and such other facts and information as the Director of Safety Service may require on the form or return prescribed by him.

"  * * *

"Section 8. It shall be the duty of the Director of Safety Service to collect and receive the tax imposed by the provisions of this ordinance. It shall also be the duty of the Director of Safety Service in addition to keeping records now required by law or ordinance, to keep a record showing the amount received by him from each person hereunder and the date of such receipt."

The appellee, Robert Harrison, Jr., being the owner of property situated at 117 East Fifth Street in Franklin, Ohio, failed and refused to pay the tax. Thereupon, a warrant for his arrest under Section 7 of the ordinance was issued. The appellee, having been duly arrested and released on his own recognizance, demurred, on July 17, 1957, to the affidavit. The appellee based this demurrer on the ground that the facts stated in the affidavit did not show an act punishable under the laws of Ohio. The ordinance, he maintained, by virtue of which both the affidavit and the warrant had been issued, was violative of both the Constitution of the United States and the statutes of the state of Ohio.

On November 22, 1957, the Municipal Court of Franklin, Ohio, having sustained the demurrer, dismissed the appellee. And, on the same day, counsel for the city of Franklin, Ohio, filed a notice of appeal from the judgment of the trial court and a praecipe for a transcript of the docket and journal entries.

The first question in this case involves Section 1 of Article XIV, Amendments, Constitution of the United States, which provides for every person the equal protection of the laws. The argument is advanced, on the one side, that it is well settled in Ohio law that as long as all in a given class are treated equally there is no violation of such section. The appellee, however, contends that the classification by water users is unreasonable, in that it singles out a certain group to bear the burdens of the general expenditures for the city of Franklin, and that it is therefore a denial to the appellee of the equal protection of the laws.

Also, there must be considered the statutes in Ohio relating to water works and sewer rental funds and to the disposition thereof. (Sections 743.05 and 729.52, Revised Code.) There is

general agreement that, under *City of Cincinnati* v. *Roettinger, a Taxpayer*, 105 Ohio St., 145, 137 N. E., 6, there can be no transfer of such funds to the general fund. In the present case, the question is, "Are the funds transferred under the Franklin ordinance water works and sewer rental funds, or funds of another kind"?

It is contended that there is no transfer of water or sewer rentals in this case; but, on the contrary, there has been imposed an excise tax for the determination of which the amount of the water bill is used. However, the appellee calls the procedure a transfer of water works funds under the name of an excise tax.

Though the court is not unimpressed with the contention that this ordinance violates Section 1 of Article XIV, Amendments, United States Constitution, it is of the opinion that the ordinance is especially violative of Sections 743.05 and 729.52 of the Revised Code. These sections, along with Section 743.06, Revised Code, provide that moneys collected for water works purposes shall be kept in a separate fund; that any surplus may be used only for repairs and modifications of the water works, for the payment of interest and for sinking fund purposes; and for the keeping of sewer rental moneys in a separate fund, for the disposition of any surplus which may be used for repairs and modifications to the sewerage system, for interest, and for sinking fund purposes.

Whether this additional charge of fifty per cent is a charge for water and sewer services, or whether it is a tax, must be determined by its characteristics, properties, and indicia. The mere reference to it by a certain name does not bring the desired effect into being.

And so the designation of the fifty per cent additional charge on the water and sewer rental bill as a tax does not result in the creation of a tax if this charge is really something else. That it is in reality simply an additional charge for water and sewer rentals is apparent from the circumstances created by the ordinance. This charge is added to the water and sewer rental bill by the Water Works Department as a special item, and it is collected by the Water Works Department from water consumers and payers of such bill. It therefore bears all the marks

of a charge for water and sewer rentals, and that it is such a charge the court so holds. If it so be a charge for such rentals, the funds collected by the Water Works Department cannot be diverted to the general fund. Thus it was decided in the *Roettinger case*, which ruling has been followed in *Hartwig Realty Co.* v. *City of Cleveland*, 128 Ohio St., 583, 192 N. E., 880, and in other Ohio cases.

And so the provision in the Franklin, Ohio, ordinance for the transfer of these funds collected by the Water Works Department to the general fund is contrary to the sections of the Revised Code referred to above.

The court, therefore, finds that the ordinance is invalid, and affirms the judgment of the Municipal Court of the city of Franklin, Ohio, in sustaining the demurrer to the affidavit filed under the ordinance.

*Judgment affirmed.*

LONG, J., concurs.

MATTHEWS, P. J., dissenting. In view of the provision for separability contained in Section 11, we are not called upon to determine whether every provision in this ordinance is valid and enforceable. The main purpose of the ordinance is to impose a tax on users of water. It is couched in the language of an excise tax, and I see no reason to doubt the correctness of the description.

The money realized is payable to the general fund, to be used in defraying the general administrative expenses of the municipal government. That certainly is a public purpose, to pay the expenses of which money can be raised by taxation.

No one now claims that the tax burden must rest equally upon all. It is generally admitted that classification may be resorted to for taxation purposes, as well as for all other governmental purposes, and that the "equal protection" clauses in our Constitutions are not violated, provided, the classification is based on some clear and distinct basis, and all within the class are treated similarly. And, primarily, the selection of the objects of taxation is a legislative and not a judicial question. And when the question comes before a court, if the court can conceive

of a reason for the selection of the class, that is sufficient to hold that the Legislature acted within its authority as the policy making branch of the government.

In selecting the receivers of water and sewer bills as the class, it is easy to think of the reason. Such persons are more affluent than those not so receiving such bills. They are more permanent and, presumptively, more able to bear the tax burden. And there is no discrimination within the class. They are all purchasers of water. The tax is imposed upon the basis of the water used. It is a standard created by the class itself.

I fail to see where any constitutional provision, either state or federal, is violated by this ordinance.

But, it is said, that the statute prohibits the diversion of water works funds to any other purpose. It is a sufficient answer to say that this money will never be water works money. It is not water rentals. It is tax money, and whether this tax money is raised or not raised will not result in a penny's difference to the Water Works Department of the city of Franklin.

Nor do I think that the state of Ohio has by any action on its part pre-empted this field.

For these reasons, I dissent from this affirmance of this judgment.