Taft, J.
The city recognizes that, to the extent that collection of the so-called tax provided for by the foregoing-mentioned ordinance represents “the collection of sewer rentals” within the meaning of Section 729.52, Revised Code, or of “a water rent” within the meaning of Section 743.04, Revised Code, then that ordinance necessarily conflicts with the statutes of this state, i. e., Section 729.52 or Section 743.05, Revised Code, or both those sections. To avoid any such conflict, the city contends that the so-called tax provided for in the ordinance is an excise tax on the sale of water and of sewer services by the city to consumers and users thereof. If we assume that that contention is sound, the question still remains whether the General Assembly has deprived the city of power to levy such a tax. Section 13 of Article XVIII of the Ohio Constitution authorizes the General Assembly to do that, when it states that “laws may be passed to limit the power of municipalities to levy taxes.”
Section 743.04, Revised Code, recognizes that a municipality “may * * * assess and collect a water rent * * * from all tenements and premises supplied with water,” and may “look directly to the owner of property for * * * the water rent * * *, which shall be collected in the same manner as other city taxes. ’ ’
Section 743.05, Revised Code, reads, so far as pertinent:
“After payment of the expenses of conducting and managing the waterworks, any surplus * * * may be applied to the repairs, enlargement, or extension of the works or * * * reservoirs, *331 * * * interest of any loan made for their construction, or for the creation of a sinking fund for the liquidation of the debt. # * * a sum not to exceed 10 per cent of the gross revenue of the waterworks for the preceding year may be taken from any surplus remaining # * and * * * used for * * * the sewerage system * * *. Each year '* * * five per cent of the gross revenue * * * shall be first retained from said surplus as a reserve for waterworks purposes.”
Section 729.49, Revised Code, provides for establishment of “rates or charges of rents to be paid * * * for the use of” sewerage services and for the collection of “such charges * * * in the same manner as other municipal corporation taxes.”
Section 729.52 provides, so far as pertinent:
“The funds received from * # * sewer rentals under Section 729.49 * * * shall be kept as a separate and distinct fund * * *. * * * such fund * * * shall be used for * * * the cost of the management, maintenance, operation, and repair of the sewerage system and sewage pumping, treatment, and disposal works. Any surplus in such fund may be used for the enlargement or replacement of the system and works, for * * * interest on any debt incurred for the construction thereof, and for the creation of a sinking fund for the payment of such debt, but shall not be used * * * for any other purpose.”
In City of Cincinnati v. Roettinger, a Taxpayer, 105 Ohio St., 145, 137 N. E., 6, this court held that, by reason of statutory provisions substantially similar to those now found in the first sentence of Section 743.05, Revised Code, ‘ ‘ surplus revenues derived from water rents” could be applied only to payment of the items specified in that statute.
In that case, it was argued that, if so construed, what is now Section 743.05 would conflict with the home-rule provisions of Article XVIII of the Ohio Constitution and especially Section 4 thereof authorizing “any municipality” to “acquire, construct, own, lease and operate * * * any public utility the products or service of which is or is to be supplied to the municipality or its inhabitants.”
In disposing of that contention, it is said in the opinion by Marshall, C. J.:
“ # # * any effort on the part of any municipality to deliber *332 ately impose rates and charges for a water supply, not for the purpose of covering the cost of furnishing and supplying the water, but for the purpose of making up a deficiency in the general expenses of the municipality, and which cannot be met within the limits of taxation otherwise provided, is to that extent an effort to levy taxes, and, to the same extent, an effort to evade the statutory and constitutional limitations upon that subject. * * *
“If the ordinance under consideration in this case [transferring to the city’s general fund surplus water revenues not required for the purposes specified by what is now Section 743.05, Revised Code] amounts to an effort to levy taxes for general municipal purposes * * # then * * * by virtue of the provisions of # * * Section 13 of Article XVIII, the Legislature has power to place limitations thereon; and the provisions of Section 3959 [now Section 743.05, Revised Code] are in the nature of such limitation. ’ ’
That case was followed in Hartwig Realty Co. v. City of Cleveland, 128 Ohio St., 583, 192 N. E., 880, where it is stated in the opinion by Matthias, J. :
“The application of funds created by water rentals to the payment of general municipal obligations, or to expenses of constructing and maintaining sewage disposal plants, or any purpose other than constructing, maintaining and operating facilities for the supply of water, would result in levying a tax only upon water users to meet the expenses of government, in violation of the express terms of Section 3959, General Code [now Section 743.05, Revised Code, which was subsequently amended to provide as it now does for use of a portion of water rentals for the sewerage system]. ’ ’
Those cases were followed in City of Lakewood v. Rees, 132 Ohio St., 399, 8 N. E. (2d), 250, which holds that what is now Section 743.05 prevented a transfer pursuant to other general statutory provisions of surplus water funds to a municipality’s general revenue fund. In the opinion by Matthias, J., it is said:
“If such transfer of funds may be consummated, municipal financial difficulties could be solved by the indefinite increase of water rates followed by such transfer. If that form of taxation *333 is to be adopted, it should be done directly and openly, and with full consideration of the question of its constitutional validity.”
In Himebaugh v. City of Canton, 145 Ohio St., 237, 61 N. E. (2d), 483, paragraph one of the syllabus reads:
“Water rates or charges or ‘rents’ collected by a municipality cannot be classed as taxes so long as their use is limited to the waterworks purposes enumerated in Section 3959, General Code [now Section 743.05, Revised Code]; but if employed, as a mere device to lessen the burden of taxation for general governmental purposes, such funds should be considered in the category of taxes.”
In Swank v. Village of Shiloh, 166 Ohio St., 415, 143 N. E. (2d), 586, it is said in the opinion by Bell, J., in referring to the foregoing cases:
“It has been established by a line of cases * * * that the application of funds created by water rentals to the payment of general municipal obligations or any purpose other than constructing, maintaining and operating facilities for the supply of water results in levying a tax only on water users to meet the expenses of government, in violation of the express terms of Section 3959, General Code [now Section 743.05, Revised Code].”
In State, ex rel. McCann, v. City of Defiance, 167 Ohio St., 313, 148 N. E. (2d), 221, it is said in the opinion:
“* * * surplus revenues derived from the operation of a municipal waterworks may reasonably be regarded as taxes levied upon water users * # * and thereby subject to legislative limitations pursuant to # * * Section 13 [of Article XVIII of the Constitution]. ’ ’
From the foregoing authorities, it is clear that the constitutional validity of Section 743.05, Revised Code, was and the constitutional validity of Section 729.52, Revised Code, could be sustained only upon the theory that those statutes together express a legislative intention that a municipality that is furnishing water and sewer services shall not levy a tax on the use of such services for the purpose of providing money for general municipal purposes. By reason of Section 13 of Article XVIII of the Ohio Constitution, the General Assembly has authority to so limit municipal taxing power.
*334 It follows that the judgment of the Court of Appeals must be affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Herbert and Peck, JJ., concur.
Matthias and Bell, JJ., dissent.