Weygandt, C. J.
 

 This is the second review of this case by this court. The earlier decision appears in 124 Ohio St., 634, 180 N. E., 267. However, the numerous questions now raised are wholly different from the one presented at that time.
 

 It is the view of this court that among the present questions there' is but one requiring consideration. This relates to the second defense in the answer to the fourth amended petition. The substance of that allegation is that the plaintiff’s claimed right of action accrued more than one year before this suit was filed.
 
 *287
 
 Specifically, the defendant Dehmer contends that the action is barred by the statute of limitations as embodied in Section 4315, General Code, which reads as follows: “No such action to enjoin the performance of a contract entered into or the payment of any bonds issued by a municipal corporation, shall be brought or maintained unless commenced within one year from the date of such contract or bonds.”
 

 On the other hand it is urged by the plaintiff that his action is brought under favor of Section 4311, General Code, to restrain the “misapplication of funds,” and that the controlling limitation is the general ten-year rule provided in Section 11227, General Code. In justification of his position he relies upon the case of
 
 Defiance Water Co.
 
 v.
 
 City of Defiance,
 
 68 Ohio St., 520, 67 N. E., 1052. The conclusive answer to this is that an examination of these statutes shows that Section 4315, General Code (99 Ohio Laws, 458), was not enacted until five years after the
 
 Defiance Water Co. case
 
 was decided. At the time that decision was rendered all of the pertinent parts of the present Sections 4311, 4312, and 4313, were embodied in Section 1777, Revised Statutes; and Section 4314, General Code, was then Section 1778, Revised Statutes. Furthermore, it is interesting to observe that when Section 4315, General Code, was first enacted, it contained the following extremely significant language: “provided that no action,
 
 as provided in sections 1777 and 1778,
 
 to enjoin the performance of a contract * * *.” 99 Ohio Laws,'458. Upon recodification, the word “such” was substituted for the phrase “as provided in Sections 1777 and 1778.” Thus, there can be no doubt that the Legislature clearly intended Section 4315, General Code, to serve as a limitation upon the earlier sections in' actions “to enjoin the performance of a contract entered into or the payment of any bonds issued by a municipal corporation.” The reason for thus reducing the time from ten years to one year is not difficult
 
 *288
 
 to surmise. Undoubtedly it was tbe purpose of the Legislature to prevent the obvious confusion and hardship that naturally result from delaying such an action until after the parties have substantially, altered their positions by a partial performance of the contract. In this case the action was not instituted until thirteen months after the date of the contract. During that lapse of time the defendant Dehmer claims to have completed his work. Plaintiff explains his delay by stating that he deferred his action until the village' council passed a motion to pay Dehmer’s claim. Obviously this cannot alter the fact that if the contract was invalid then, it was equally so at its inception.
 

 However, the plaintiff insists that his is an action to “restrain the misapplication of funds” and not an action “to enjoin the performance of a contract.” He contends that these terms are not synonymous. This later assertion is obviously true, but it is equally obvious and equally true that a payment of money may be both a “misapplication of funds” and “the performance of a contract.” That is exactly the situation in this case, although the plaintiff further urges that the word “contract” as used in these sections should be so construed as to limit it to
 
 valid
 
 contracts, and not to include contracts that are claimed, as here, to be void
 
 ab initio.
 
 This court is of the opinion that there is nothing in the context to justify such an inference.
 

 Inasmuch as the foregoing conclusions are decisive of this litigation, it would serve no useful purpose to enter into a discussion of the remaining questions presented in the briefs. It follows that the judgment of the Court of Appeals must be reversed, and the action dismissed.
 

 Judgment reversed.
 

 Allen, Stephenson, Jones, Matthias, Bevis and Zimmerman, JJ., concur.