Weygandt, C. J.
 

 The sole and novel question considered and decided by the Court of Appeals was whether the plaintiffs possess the legal capacity to institute this action inasmuch as they do not allege that they first made a demand on the. solicitor of the city of Canton to bring the suit, as provided by Section 4314, General Code.
 

 The plaintiffs say they have sued under favor of Section 11257, General Code, which provides that when
 
 *239
 
 the question is one of a common or general interest of many persons, or the parties are very numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all. However, the defendants insist that the plaintiffs cannot escape the requirements of Section 4314, General Code, which provides in part:
 

 “In case the solicitor fails upon the written request of any taxpayer of the corporation to make any application provided for in the preceding three sections, such taxpayer may institute suit in his own name, on behalf of the corporation;
 
 * *
 

 One difficulty with this contention of the defendants is that in the present petition it is alleged merely that the plaintiffs are water-rent payers, and there is no mention of taxpayers. But it is insisted that the plaintiffs as water-rent payers are
 
 ipso facto
 
 taxpayers and therefore subject to the foregoing requirements of Section 4314, General Code. Reliance is placed upon the decisions of this court in the cases of
 
 City of Cincinnati
 
 v.
 
 Roettinger, a Taxpayer,
 
 105 Ohio St., 145, 137 N. E., 6.;
 
 Hartwig Realty Co.
 
 v.
 
 City of Cleveland,
 
 128 Ohio St., 583, 192 N. E., 880, and
 
 City of Lakewood
 
 v.
 
 Rees,
 
 132 Ohio St., 399, 8 N. E. (2d), 250.
 

 The
 
 Cincinnati case
 
 was an action by a taxpayer to prevent the transfer of a
 
 surplus
 
 from the waterworks fund to the general fund of the city, and the consideration' of the court was limited to this surplus, as is disclosed by the following observation in the opinion:
 

 “It is important at this point to inquire into the nature of rates and charges which are in excess of an amount sufficient to pay the cost of the operation of the waterworks and to make provision for repairs, renewals, extensions, new construction, and interest and principal of debt arising out of construction. While
 
 *240
 
 it is -universally conceded that rates and charges not in excess of the amount necessary to meet such purposes are not classed as taxes, it does not follow that such excessive amount would not be classed as taxes. While it is quite well settled that charges for service and conveniences rendered and furnished by a municipality to its inhabitants are not taxes, yet where the charge is in excess of the entire cost of the service and convenience, the reason for the rule no longer prevails. A water rate exacted for actual consumption is merely the price of the commodity, and when in an amount which fairly compensates the cost can have no proper relation to those revenues which are expended for the equal benefit of the public at large, and it should not be placed in the same classification with burdens and charges imposed by the legislative power upon persons or property for the purpose of raising money for general governmental purposes. Taxation refers to those general burdens imposed for the purpose of supporting the government, and more especially the method of providing the revenues which are expended for the equal benefit of all the people. It is apparent that any effort on the part of any municipality to deliberately impose rates and charges for a water supply, not for the purpose of covering the cost of furnishing and supplying the water, but for the purpose of making up a deficiency in the general expenses of the municipality, and which cannot be met within the limits of taxation otherwise provided, is to that extent an effort to levy taxes, and, to the same extent, an effort to evade the statutory and constitutional limitations upon that subject.”
 

 Thus, this court did not hold that a so-called water-rent payer is
 
 ipso facto
 
 a taxpayer. Water rates or charges or “rents” cannot be classed as taxes so long as their use is limited to the waterworks purposes enu
 
 *241
 
 merated in Section 3939, General Code; but if employed as a mere device to lessen the burden of taxation for general governmental purposes, such funds should, of course, be considered in the category of taxes. In the instant case the plaintiffs’ present petition contains no mention of surplus funds or the payment of taxes. Hence, these plaintiffs are entitled to be regarded as “water-rent payers,” as they have designated themselves, and not necessarily as taxpayers.
 

 Both the
 
 Cleveland
 
 and the
 
 Lakewood cases, supra,,
 
 likewise were taxpayers’ actions involving surplus water funds. In the
 
 Cleveland case
 
 the decision in the
 
 Cincinnati case
 
 was expressly approved and followed; and in the
 
 Lakewood case
 
 the decisions in both the
 
 Cincinnati
 
 and the
 
 Cleveland cases
 
 were expressly approved and followed.
 

 Then considering the plaintiffs in the instant case solely in their self-designated character as water-rent payers, c[o they, as such, possess the necessary legal capacity to institute this action for the restoration of this trust fund?
 

 The defendants insist that the provisions of Section 4314, General Code, are exclusive and that actions such as this may be brought by no one except a taxpayer and that even he cannot do so until a written request has been made to the solicitor. However, in the case of
 
 Walker
 
 v.
 
 Village of Dillonvale,
 
 82 Ohio St., 137, 92 N. E., 220, this court held that this statute is not exclusive even as to actions instituted by taxpayers. The following comment was made as to Sections 1777 and 1778, Bevised Statutes, now Sections 4311 and 4314, General Code:
 

 “Section 1777 .does not confer a right, but imposes a duty upon the city solicitor, and while Section 1778 authorizes a taxpayer, in the cases specified, to bring
 
 *242
 
 suit if the solicitor upon request in writing fails to do so, and prohibits the court to entertain such a suit by a taxpayer excepting in the event of such failure, still it is not to be construed as a limitation on the remedy by a taxpayer in cases not within the statute. In
 
 The Cincinnati Street Railroad Company et al.
 
 v.
 
 Smith et al.,
 
 29 Ohio St., 291, 303, Gilmore, J., speaking of these sections says: 'The sections do not provide remedies that were previously unknown. Courts of equity had long taken jurisdiction and granted injunctions in such cases when properly presented by interested individuals, whose rights were put in jeopardy by the illegal or unauthorized acts, or threatened acts, of municipal coi-porations. The sections were therefore simply intended to regulate the practice in such cases to this extent, that applications for injunctions in such cases should be made by the city solicitor, and should not be made without his knowledge, ’
 

 “The fact, therefore, that the relief sought by the taxpayer in the present case is not within the terms of those statutes does not show in him a want of capacity to sue.”
 

 Since these statutes are not exclusive even as to actions brought by taxpayers, there seems to be no-compelling reason for holding that the plaintiffs in the instant case may not as water-rent payers institute this action on behalf of themselves and all other water-rent payers in the city of Canton to obtain an accounting and restoration of the trust fund of which the city is alleged to be the trustee. As observed by the plaintiffs, if the money diverted to the general fund is restored to the water fund the benefit will inure to the water-rent payers and not to the taxpayers who under such circumstances should not be expected to bring such an action. If public funds are not properly used there should be an effective remedy to correct the
 
 *243
 
 error. Under the admitted allegations of the present petition the plaintiffs possess the necessary legal capacity to institute this action, and the lower courts were in error in sustaining the demurrer.
 

 As previously observed, the Court of Appeals did not consider the second ground of the demurrer as to whether the facts stated in the petition are sufficient to constitute a cause of action. Hence, the case is remanded to the Court of Appeals for the purpose of consideration and decision of this further question.
 

 Judgment reversed and cause remanded.
 

 Zimmerman, Bell, Williams, Matthias and Hart, JJ., concur.
 

 Turner, J., dissents.