WESTBROOK, APPELLEE, *v.* PRUDENTIAL INSURANCE COMPANY OF AMERICA ET AL., APPELLANTS.

[Cite as Westbrook *v.* Prudential Ins. Co. of America (1988), 37 Ohio St. 3d 166.]

(No. 87-435—Submitted November 18, 1987—Decided June 15, 1988.)

168

*Lockwood Thompson* and *Francis K. Cole,* for appellee.

*Squire, Sanders & Dempsey, George J. Umstead* and *Eben G. Crawford,* for appellants Prudential Insurance Company of America and Oliver Partnership.

*Baker & Hostetler, Bruce O. Baumgartner* and *Christopher J. Swift,* for appellants Euclid-Ninth Community Urban Redevelopment Corporation, Carlyle Real Estate Limited Partnership XI, Carlyle Real Estate Partnership XII, Carlyle/National City Associates, Carlyle National City Associates, Inc. and JMB Realty Corporation.

*Thomas C. Simiele* and *James G. Wyman,* urging affirmance for *amicus curiae,* Cleveland Board of Education.

*Per Curiam.* The present action seeks to invalidate the tax abatement afforded appellant ENCURC by virtue of its financial agreement with the city. Through this effort, appellee endeavors to prevent ENCURC from deriving future tax benefits under the agreement and to recover any benefits realized since June 30, 1977. In his initial complaint, appellee alleged that the action was brought "pursuant to statutes relating to taxpayers' actions." This allegation was omitted from the amended complaint, the dismissal of which is the subject of the instant appeal. While appellee was correct in arguing below that, pursuant to Civ. R. 8(A), a plaintiff need not allege the legal basis for his action, the reference in the complaint that statutory relief may be available is instructive. The availability of the relief, of course, is not dependent upon the allegations of the complaint. Rather, it is derived from the nature of the relief sought by the plaintiff and afforded by statute.

In the present context, appellee has sought the invalidation of the transfer of the leasehold interest in the project from Prudential Life Insurance Company of America to Carlyle/National City Associates. It is beyond question that such transfer was authorized by the financial agreement between the city and ENCURC. Thus, the only basis upon which to challenge the assignment of the leasehold interest in a taxpayer's suit is to challenge the authority of the city to execute a contract providing therefor. Stated differently, where the contract clearly provides for the assignment of a leasehold interest to which the city has consented in advance, the basis upon which an assignment may be challenged necessarily turns on the authority of the city to give such consent. This view is borne out by reference to the amended complaint of appellee wherein the first paragraph of his prayer for relief alleges:

"That *the grant of tax abatement* by the City of Cleveland to Euclid-Ninth Community Urban Redevelopment Corporation under the provisions of Chapter 1728 of the Revised Code of Ohio *was illegal and ineffective,* and *the latter's transfer of its interest to National City Joint Venture, while purportedly authorized by the Financial Agreement did not contemplate and could not lawfully contemplate transfer of the benefits of tax abatement by Na-*

*tional City Joint Venture.''* (Emphasis added.)

A plain reading of the complaint reveals that appellee is not alleging that the contract was breached when the assignment was effectuated. Rather, he is alleging that the contract was void *ab initio* for permitting the assignment.

It is therefore necessary to ascertain whether there exists a statutory basis for recovery. R.C. 733.56 authorizes the city director of law to seek injunctive relief in certain instances. It provides:

*"The* village solicitor or *city director of law shall apply, in the name of the municipal corporation, to a court of competent jurisdiction for an order of injunction to restrain* the misapplication of funds of the municipal corporation, the abuse of its corporate powers, or *the execution or performance of any contract made in behalf of the municipal corporaton in contravention of the laws or ordinance*[s] *governing it,* or which was procured by fraud or corruption." (Emphasis added.)

Where the director of law fails to undertake the action contemplated by R.C. 733.56, a taxpayer of the municipality may file suit on its behalf pursuant to R.C. 733.59. This latter section provides as follows:

"If the village solicitor or city director of law fails, upon the written request of any taxpayer of the municipal corporation, to make any application provided for in sections 733.56 to 733.58 of the Revised Code, the taxpayer may institute suit in his own name, on behalf of the municipal corporation. Any taxpayer of any municipal corporation in which there is no village

solicitor or city director of law may bring such suit on behalf of the municipal corporation. No such suit or proceeding shall be entertained by any court until the taxpayer gives security for the cost of the proceeding."

It is acknowledged by appellee that he served a written request upon the law director as mandated by R.C. 733.59 prior to the institution of the present action. The service of the request was entirely appropriate since the relief sought is clearly encompassed within the terms of R.C. 733.56 and 733.59. The appellee has alleged that he believes that the financial agreement executed on June 30, 1977 is illegal and unauthorized by R.C. Chapter 1728. Thus, it is an action seeking "to restrain * * * the execution or performance of * * * [a] contract made * * * in contravention of the laws or ordinance[s] governing it * * *."

However, any action predicated upon R.C. 733.56 and 733.59 must be instituted within the limitation period prescribed by R.C. 733.60, which provides:

"No action to enjoin the performance of a contract entered into or the payment of any bonds issued by a municipal corporation shall be brought or maintained unless commenced within one year from the date of such contract or bonds."

Consequently, if R.C. 733.56 and 733.59 are the exclusive basis upon which performance of the financial agreement may be enjoined, the present action was required to be instituted before June 30, 1978.[2] Appellee contends, however, that the availability of relief under R.C. 733.56 and 733.59

[2] The modification of the agreement on November 9, 1977 does not appear to alter the agreement in a manner material to the allegations of the amended complaint. However, assuming *arguendo* that November 9, 1977 is the operative date of the agreement, appellee would nevertheless be time-barred by R.C. 733.60.

does not foreclose a common-law action in equity to obtain the same result. In support of this contention, appellee cites *Himebaugh* v. *Canton* (1945), 145 Ohio St. 237, 30 O.O. 471, 61 N.E. 2d 483; *Walker* v. *Dillonvale* (1910), 82 Ohio St. 137, 92 N.E. 220; and *Pierce* v. *Hagans* (1908), 79 Ohio St. 9, 86 N.E. 519. However, a careful review of these decisions yields the opposite conclusion. While appellee is undoubtedly correct in identifying the previously recognized equitable right of taxpayers to restrain public officials from inappropriately expending public funds, a common-law action predicated upon this right may be entertained only in the absence of a statutory remedy. Thus, in *Walker, supra,* paragraph one of the syllabus states:

"*In the absence of statutory regulation* a taxpayer may maintain an action, on behalf of himself and other taxpayers, to recover money illegally paid out of the public treasury; and in such action may unite as defendants all against whom any relief is asked and whose right will be affected by the determination of the subject of the action." (Emphasis added.)

Similarly, in *Pierce, supra,* and *Himebaugh, supra,* a common-law taxpayer's action was viewed as cognizable because the relief sought was not encompassed within the terms of the statutes considered by the court.

However, where statutory relief is afforded and clearly applies to the circumstances giving rise to the action, the statute constitutes the exclusive avenue for seeking redress. Moreover, where the legislature has prescribed a time limit for bringing such action, a common-law suit instituted beyond the limitations period may not be maintained. See *Dehmer* v. *Campbell* (1933), 127 Ohio St. 285, 188 N.E. 6.

Accordingly, we hold that the relief sought by appellee was encompassed within the terms of R.C. 733.56 and 733.59. We further hold that any action predicated thereon must be brought within the limitations period prescribed by R.C. 733.60. The judgment of the court of appeals is therefore reversed.

*Judgment reversed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.