CITY OF BEREA ex rel. WARD et al., Appellants,

v.

TRUPO, Mayor, et al., Appellees.

[Cite as *Berea ex rel. Ward v. Trupo* (2001), 141 Ohio App.3d 772.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77524.

Decided April 2, 2001.

*Powers & Groh–Wargo, Frank J. Groh–Wargo* and *Maria Boccardi*, for appellants.

*Climaco, Lefkowitz, Peca, Wilcox & Garofoli Co., L.P.A., Anthony J. Garofoli, John R. Climaco* and *David M. Cuppage*; *Gregory Sponseller*, Director of Law of City of Berea, for appellees.

MICHAEL J. CORRIGAN, Judge.

Relators-appellants, Jodee Ward, David McCamey, and Ernest Scherzer, appeal from the trial court's grant of the motion to dismiss filed by defendants-appellees, Mayor Stanley J. Trupo and the city of Berea. The motion was granted on the grounds that the action was not timely commenced within the one-year statute of limitations provided in R.C. 733.60. Finding that the trial court

misconstrued the applicable statute of limitations, we reverse this matter for a hearing on the merits.

The appellants, who are purportedly residents and taxpayers of the city of Berea, brought this taxpayer action on June 7, 1999, under R.C. 733.59, challenging the propriety of two city ordinances that allegedly had the cumulative effect of illegally raising the salary of the mayor and improperly abolishing a city department. The complaint requested that the court declare the ordinances "null and void as legally defective."

Ordinance 181.02(a), passed in July 1988, provided for an annual increase in the salary paid to the mayor and further provided that the mayor's salary shall at all times be "five percent (5%) more than the highest base salary of any City Department Director."

Ordinance 96–42 passed in June 1996 operated to combine the offices of Director of Public Safety and Director of Public Services. The salary for the new position was set at $79,084 in 1996 and $82,247 in 1997 per the terms of the ordinance, a sizable increase in compensation from the salaries of the respective department directors prior to the consolidation. Appellants claim that not only is the combination of departments prohibited by the city charter but also that Ordinance 96–42 operated and continues to operate to illegally inflate the salary of the mayor whose salary is set at an amount equal to five percent greater than the highest salary of any department director.

The complaint herein alleged that the provisions taken together give the mayor power to increase the salary of department directors, thereby at the same time giving himself an identical in-term raise in violation of the city charter, and that Ordinance 96–42 also violates the city charter by merging two city departments where the city charter permits the mayor to combine only divisions within a single department. The specific charter language pointed to by the appellants is Berea City Charter, Section IV, Item 10, which states:

"The compensation of all elected officials shall be fixed prior to the date set for filing for an office in the regular municipal election for terms of office beginning on the next succeeding first day of January, and shall not thereafter be changed in respect to any such term or terms or any part thereof."

Additionally, Berea City Charter, Section V, provides for the establishment of five administrative departments each to be headed by a director and states that "the Mayor shall have the power to combine or reassign divisions within and without departments, and change functions and duties thereof as the public service shall require." The Department of Public Service and the Department of Public Safety were established as distinct departments, to be headed by separate directors, with separate qualifications and duties, under the terms of Section V, Section VI, and Section VII of the city charter.

The appellants have also alleged herein that the challenged ordinances are violative of "state ethical standards which have the force of law over public officials."

In a "Memorandum of Opinion and Order" journalized December 28, 1999, the trial court granted the appellees' motion to dismiss amended complaint, finding that pursuant to *Cuyahoga Falls v. Robart* (1991), 58 Ohio St.3d 1, 567 N.E.2d 987, "all suits brought pursuant to Sec. 733.59 must be filed within the one-year statute of limitations."

The appellants timely filed the within appeal from the ruling of the trial court and present for this court's review the following sole assignment of error:

"I. The trial court erred in granting the municipality's motion to dismiss relators' amended complaint based on the one-year statute of limitations set forth in Ohio Rev. Code Sec. 733.60."

█ A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 605 N.E.2d 378. It is well settled that "when a party files a motion to dismiss for failure to state a claim, all factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584, 589, citing *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 756.

█ While the factual allegations of the complaint are taken as true, "[u]nsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss." *State ex rel. Hickman v. Capots* (1989), 45 Ohio St.3d 324, 544 N.E.2d 639. In light of these guidelines, in order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223, 224, 327 N.E.2d 753, 755. See, also, *Spalding v. Coulson* (1995), 104 Ohio App.3d 62, 661 N.E.2d 197.

█ In order to resolve the limited issue presented in the within appeal, this court need only engage in a straight-forward analysis of R.C. 733.60 and the holding of the Ohio Supreme Court in Robart, supra. R.C. 733.60 provides as follows:

"No action to enjoin the performance of a contract entered into or the payment of any bonds issued by a municipal corporation shall be brought or maintained unless commenced within one year from the date of such contract or bonds."

The *Robart* court held:

"It is well-settled that 'any action predicated upon R.C. 733.56 and 733.59 must be instituted within the limitation period prescribed by R.C. 733.60 * * *.' *Westbrook v. Prudential Ins. Co. of America* (1988), 37 Ohio St.3d 166, 169, 524 N.E.2d 485, 488. R.C. 733.60 provides: 'No action to enjoin the performance of a contract entered into or the payment of any bonds issued by a municipal corporation shall be brought or maintained unless commenced within one year from the date of such contract or bonds.' Although this statute does not expressly refer to cases involving misapplication of funds, when the purported misapplication of funds is the result of an illegal contract, the one-year limitations period of R.C. 733.60 applies. *Dehmer v. Campbell* (1933), 127 Ohio St. 285, 188 N.E. 6, syllabus." *Robart, supra*, at 6–7, 567 N.E.2d at 990. (Emphasis added.)

In applying the foregoing, it is clear that even though the court stated that any action predicated upon R.C. 733.59 is subject to a one-year statute of limitations, the holding of Robart was limited by the court to actions involving the performance of contracts when the alleged misapplication of taxpayer funds is a result of an illegal contract. This interpretation is consistent with the wording of R.C. 733.60, which clearly is limited on its face to actions involving "the performance of a contract entered into or the payment of any bonds issued by a municipal corporation."

This identical issue was addressed by the Eleventh Appellate District in *Lordstown ex rel. Kibler v. Craigo* (June 30, 1994), Trumbull App. No. 93–T–4919, unreported, 1994 WL 321109, wherein the court held that an action commenced pursuant to R.C. 733.59 alleging an abuse of municipal powers and the misapplication of public funds is not subject to the one-year limitations period of R.C. 733.60 unless the abuse of powers or misapplication of funds is founded upon an illegal contract. The court reasoned as follows:

"As there is no contractual relationship between a public officer and the government, and as the positions at issue are public offices, there is no underlying contract challenged by this action. The case *sub judice*, therefore, is distinguishable from *Robart, supra*, which involved the appointment of public employees under contract. R.C. 733.60 is not applicable to this action."

Similarly, in the case *sub judice*, there is no underlying contract being challenged by the aggrieved taxpayers. Thus, the –8– trial court improperly applied the one-year statute of limitations of R.C. 733.60 to the present action.

The appellants' assignment of error is sustained.

*Judgment reversed*
*and cause remanded.*

DIANE KARPINSKI, A.J., and FRANK D. CELEBREZZE, JR., J., concur.