ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the records from the common pleas court and the briefs.
{¶ 2} The appellant, Fred Wise, Taxpayer, appeals the decision of the trial court granting summary judgment in favor of the appellees, the City of Solon, Dianne Garrett and Dennis J. Tellep, which affirmed the City's disbursement of longevity payments to its former mayor. For the reasons set forth below, we affirm the decision of the trial court.
{¶ 3} From 1987 to 1997, Robert A. Paulson served as mayor of the City of Solon. At the conclusion of Paulson's term, he submitted a request for longevity payments to Dennis J. Tellep, who was the City's finance director at that time. Tellep forwarded Paulson's request to the then law director, Charles Riehl, for a legal opinion regarding making the disbursements in view of Solon's conflicting ordinances.
{¶ 4} Riehl issued a formal opinion allowing the disbursements, but noted that certain adjustments must be made to the longevity payments to subtract any Medicare reimbursements that had previously been paid under Solon City Ordinance Section 230.07.
{¶ 5} Based on Riehl's legal opinion, the City entered into an agreement with Paulson on December 19, 1997 "to provide final and complete compensation to the employee for the purposes of accrued vacation and net longevity earned during his tenure as an employee and as provided by Ordinance * * *."
{¶ 6} The appellant, Fred Wise, challenged the longevity payments as not being in accordance with the Charter of the City of Solon. According to the appellant, payments of longevity may only be paid with the approval of the City Council, which, in this case, has not been shown by the City. In addition, according to Solon Codified Ordinance section 230.07, reimbursements made to the mayor shall be made of an amount equal to his share of mandatory medicare coverage, in lieu of longevity pay. Appellant argued that Ordinance 1998-2, which repeals the reimbursement for medicare coverage to the mayor and provides for longevity compensation specifically for the mayor, was not meant to be retroactive and, therefore, would not apply to compensation for years prior to 1998.
{¶ 7} On or about July 3, 2000, appellees City of Solon and Dianne Garrett filed a motion for summary judgment as to the claims made by the appellant. Months later, appellee Tellep filed a separate motion for summary judgment. The appellant responded by filing a cross motion for summary judgment on his claims.
{¶ 8} On January 31, 2001, the trial court granted the appellant's motion for summary judgment in part and the appellees' motions for summary judgment. Specifically, the trial court determined that Tellep, the City's former finance director, did not abuse his discretion under R.C. section 733.55 in issuing longevity payments to former Mayor Paulson.
{¶ 9} The appellant appeals the decision of the trial court and asserts the following sole assignment of error.
 {¶ 10} THE TRIAL COURT REVERSIBLY ERRED WHEN IT FAILED TO FIND THAT ONLY THE COUNCIL FOR THE CITY OF SOLON COULD AUTHORIZE LONGEVITY PAYMENTS TO THE FORMER MAYOR, AND TO HOLD THAT THE FORMER FINANCE DIRECTOR ABUSED HIS DISCRETION IN MAKING SUCH PAYMENTS IN THE ABSENCE OF ANY AUTHORIZING LEGISLATIVE ACTION.
{¶ 11} This court must first review the appellant's original standing in the trial court before reviewing his claims based on the merits.
{¶ 12} The appellant's amended complaint states as follows:
 {¶ 13} 1. This is an action for declaratory judgment under Chapter 2721 of the Ohio Revised Code.
 {¶ 14} 2. This is also a taxpayer's action under section 733.59 of the Ohio Revised Code seeking preliminary and permanent injunction relief under Rule 57 of the Ohio Rules of Civil Procedure.
{¶ 15} * * *
{¶ 16} R.C. 733.59 states, in pertinent part:
 {¶ 17} If the village solicitor or city director of law fails, upon the written request of any taxpayer of the municipal corporation, to make any application provided for in sections 733.56 to 733.58 of the Revised Code, the taxpayer may institute suit in his own name, on behalf of the municipal corporation. * * * No such suit or proceeding shall be entertained by any court until the taxpayer gives security for the cost of the proceeding.
{¶ 18} R.C. 733.59 authorizes a taxpayer to institute suit in his own name or on behalf of the city to enjoin the misapplication of city funds, the abuse of corporate powers, or the execution or performance of illegal contracts. See R.C. 733.56.
{¶ 19} In addition, as found by the Ohio Supreme Court in Cityof Cuyahoga Falls v. Robart (1991), 58 Ohio St.3d 1:
 {¶ 20} It is well settled that "any action predicated upon R.C. 733.56 and 733.59 must be instituted within the limitations period prescribed by R.C. 733.60 * * *." Westbrook v. Prudential Ins. Co. of America (1988), 37 Ohio St.3d 166, 169, 524 N.E.2d 485, 488. R.C. 733.60 provides: "No action to enjoin the performance of a contract entered into or the payment of any bonds issued by a municipal corporation shall be brought or maintained unless commenced within one year from the date of such contracts or bonds." Although this statute does not expressly refer to cases involving misapplication of funds, when the purported misapplication of funds is the result of an illegal contract, the one-year limitations period of R.C. 733.60 applies." Dehmer v. Campbell (1933), 127 Ohio St. 285, 188 N.E. 6, syllabus. Robart,
supra, at 6-7.
{¶ 21} Therefore, "alleging an abuse of municipal powers and the misapplication of public funds is not subject to the one-year limitations period of R.C. 733.60 unless the abuse of powers or misapplication of funds is founded upon an illegal contract." City of Berea ex rel. v.Stanley J. Trupo (2001), 141 Ohio App.3d 772; citing Ex rel. Kilber v.Craigo (June 30, 1994), Trumbull App. No. 93-T-4919, 1994 Ohio App. Lexis 2902.
{¶ 22} In the case sub judice, the appellant's action is prompted by an alleged illegal contract entered into between the City of Solon and former Mayor Robert A. Paulson. Under this contract, the City agreed to compensate Paulson in the amount of $6,991.08 for net longevity that was not paid to him during his tenure with the City. In addition, the City was further obligated to compensate him in the amount of $4,211.53 for accrued and unused vacation time.
{¶ 23} The appellant's actions must therefore be bound by the one-year statute of limitations set forth in R.C. 733.60. "Where statutory relief is afforded and clearly applies to the circumstances giving rise to the action, the statute constitutes the exclusive avenue for seeking redress. Moreover, where the legislature has prescribed a time limit for bringing such action, a common-law suit instituted beyond the limitations period may not be maintained." Westbrook v. PrudentialIns. Co. of America (1988), 37 Ohio St.3d 166, 170 citing Dehmer v.Campbell (1933), 127 Ohio St. 285.
{¶ 24} In applying the one-year time limitation, this court finds that the appellant has failed to timely file his action with the Cuyahoga County Court of Common Pleas. The record of the trial court shows that the appellant filed his first complaint on April 7, 2000, while the contract at issue was agreed to and acknowledged by the City and Paulson on December 19, 1997. Therefore, the appellant is barred by the statute of limitations to assert a taxpayer's action under section 733.59 of the Ohio Revised Code seeking injunctive relief.
Judgment affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., AND JAMES D. SWEENEY, J., CONCUR.