TIM McCORMACK, J.:
{¶ 1} In this taxpayer action, relator-appellant William Allen ("Allen") appeals from the decision of the trial court granting summary judgment for the respondents-appellees. For the reasons that follow, we reverse.
Procedural and Substantive History
{¶ 2} On July 23, 2014, Allen filed a complaint for declaratory judgment and injunctive relief against the village of Walton Hills ("the Village"), six individuals in their capacity as Walton Hills council members, and Kevin Hurst ("Hurst") in his capacity as mayor of Walton Hills.
{¶ 3} The underlying action surrounds two village ordinances related to compensating the mayor when he or she serves as a magistrate for the mayor's court of Walton Hills. On February 19, 2002, the Village passed an ordinance, codified as Walton Hills Code § 290.01, which established the part-time position of magistrate of mayor's court of Walton Hills. The ordinance stated that the mayor would receive no additional compensation for officiating at mayor's court, and further stated that if the Village hired a qualified magistrate, he or she would be compensated $295 for each regular session of mayor's court.
{¶ 4} On July 25, 2011, the Village passed Ordinance 2011-18, codified as Walton Hills Code § 230.031, which changed the rate of pay for a mayor's court magistrate and authorized compensation of $400 per regular session to the mayor for officiating at mayor's court. Walton Hills Code § 290.01 was not repealed. On November 8, 2011, Hurst was elected as mayor of Walton Hills.
{¶ 5} In 2014, the state auditor's office notified the Village of the conflicting ordinances. In response, the Village passed another ordinance, amending § 290.01 to remove the language precluding compensating the mayor for presiding over the mayor's court. This new ordinance did not apply retroactively. Because the new ordinance was not retroactive, Allen argues that all compensation paid to Hurst during the period of conflict was improper.
{¶ 6} Allen's complaint sought a declaratory judgment stating that Village Ordinance 2011-18 was illegally enacted. The complaint also requested that Hurst reimburse the Village for the compensation he received for presiding over the mayor's court.
{¶ 7} On May 11, 2015, the Village filed a motion for summary judgment in which it asserted that the action was time-barred by the statute of limitations under R.C. 733.60.
{¶ 8} On March 1, 2017, the trial court granted the Village's motion for summary judgment and entered the following order:
*889 The Court finds that Relator's action challenging Village Ordinance 2011-18 is time-barred by the one-year statute of limitations set forth in O.R.C. 733.60. See City of Cuyahoga Falls v. Robart (1991) 58 Ohio St.3d 1 [567 N.E.2d 987]. Ordinance 2011-18 was enacted on 7/25/2011. It is undisputed that Relator filed this action on 7/23/2014. The Court finds unconvincing the Relator's argument that his action challenges other ordinances-the only ordinance mentioned in his Complaint is Ordinance 2011-18. It is so ordered. There is no just cause for delay. Relator's motion for partial summary judgment is denied.
{¶ 9} Allen appeals from this decision of the trial court.
Summary Judgment Review
{¶ 10} We review the trial court's summary judgment de novo, applying the same standard that the trial court applies under Civ.R. 56(C). Grafton v. Ohio Edison Co. , 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).
{¶ 11} Under Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Civ.R. 56(C).
{¶ 12} In the instant case, Allen does not present any genuine issues of material fact for our review. Instead, he argues that the trial court's decision was improper as a matter of law.
Law and Analysis
{¶ 13} In his first assignment of error, Allen argues that the trial court erred in applying R.C. 733.60's statute of limitations to this case because there is no contract at issue. R.C. 733.60 states:
No action to enjoin the performance of a contract entered into or the payment of any bonds issued by a municipal corporation shall be brought or maintained unless commenced within one year from the date of such contract or bonds.
{¶ 14} Allen instituted a taxpayer action pursuant to R.C. 733.56 and R.C. 733.59. The former relates to an application for injunction "to restrain the misapplication of funds of [a] municipal corporation, the abuse of its corporate powers, or the execution or performance of any contract made in behalf of the municipal corporation." R.C. 733.56. The latter relates to a taxpayer's suit generally.
{¶ 15} In granting summary judgment for respondents-appellees, the trial court cited a case in which the Supreme Court of Ohio stated that "[i]t is well-settled that 'any action predicated upon R.C. 733.56 and 733.59 must be instituted within the limitation period prescribed by R.C. 733.60.' " Cuyahoga Falls v. Robart , 58 Ohio St.3d 1, 3, 567 N.E.2d 987 (1991), quoting Westbrook v. Prudential Ins. Co. of Am. , 37 Ohio St.3d 166, 169, 524 N.E.2d 485 (1988).
{¶ 16} Further, although R.C. 733.60 does not expressly cover misapplication of funds, the law is also well-settled that the one-year limitation period applies "when the purported misapplication of funds is the result of an illegal contract." Robart at 3, 567 N.E.2d 987, citing Dehmer v. Campbell , 127 Ohio St. 285, 286, 188 N.E. 6 (1933).
{¶ 17} Allen does not dispute any of the foregoing law; rather, he asserts that because the compensation at issue is for a public official, there is no contractual employment relationship analogous to that in Robart . In support of this argument, Allen *890 cites case law from this court for the proposition that no contractual relationship exists between a public officer and the government. Berea ex rel. Ward v. Trupo , 141 Ohio App.3d 772, 776, 753 N.E.2d 286 (8th Dist. 2001), citing Lordstown ex rel. Kibler v. Craigo , 11th Dist. Trumbull No. 93-T-4919, 1994 WL 321109, 1 (June 30, 1994).
{¶ 18} Although the language from Westbrook is broad, referring to "any action predicated upon R.C. 733.56 and 733.59," the court in that case did not address whether R.C. 733.60 applies to an action that does not involve a contractual relationship. Further, the court in Robart , 58 Ohio St.3d 1, 567 N.E.2d 987, found that R.C. 733.60 applied to bar that case precisely because the alleged misapplication of funds in that case was a consequence of an illegal contract. Unlike Robart , the alleged misapplication of funds in this case was not the consequence of a contract, illegal or otherwise. We therefore find that the one-year limitation in R.C. 733.60 does not apply to this case because there is no underlying contract at issue.
{¶ 19} Therefore, we reverse the decision of the trial court granting summary judgment for respondents-appellees and remand this case to the trial court for further proceedings consistent with this opinion.
{¶ 20} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
EILEEN A. GALLAGHER, A.J., and FRANK D. CELEBREZZE, JR., J., CONCUR